**UNITED STATES of America,**
**Appellee,**

v.

**Prosper Emeka UDOGWU, also known as Prosper Emeka Udogwu, also known as Prosper Emeka Udoguw; Ifeoma Ezeonu Udogwu, also known as Fidelia E. Ezeonu, also known as Ifeoma Fidelia Ezeonu, Defendants–Appellants.**

**Docket No. 00–1724.**

United States Court of Appeals,
Second Circuit.

Aug. 22, 2001.

Barry M. Fallick, Ifeoma Ezeonu Udogwu, Jerry L. Tritz, New York, NY, for defendant-appellant, Prosper Emeka Udogwu.

Jennifer M. Moore, New York, NY; Mary Jo White, United States Attorney for the Southern District of New York, Richard M. Strassberg, Baruch Weiss, on the brief, for appellee.

Present MINER, JACOBS and CALABRESI, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Prosper Emeka Udogwu and Ifeoma Ezeonu Udogwu, husband and wife, appeal from a judgment of conviction entered on June 14, 2000 in the United States District Court for the Southern District of New York (Chin, J.), on charges arising out of their importing of undocumented aliens for household labor and other exploitation.

Following a jury trial, defendants were found guilty on all counts in an eight-count indictment, charging them with illegally bringing an alien into the United States and harboring an alien (in violation of 18 U.S.C. §§ 1324(a)(1)(A)(iv) and 1324(a)(1)(A)(iii)), fraudulently possessing, obtaining, and receiving a green card (in violation of 18 U.S.C. § 1546), subjecting another to involuntary servitude (in violation of 18 U.S.C. § 1584), and conspiracy to do these things. Prosper Udogwu was charged with making false statements to the Immigration and Naturalization Service (in violation of 18 U.S.C. § 1001), and Ifeoma Udogwu was charged with making false statements at her naturalization interview (in violation of 18 U.S.C. § 1015(a)) and with mail fraud in an effort to obtain social security benefits fraudulently (in violation of 18 U.S.C. § 1341).

Prosper Udogwu was sentenced principally to 135 months in prison, and Ifeoma Udogwu, to 148 months. The defendants were adjudged jointly and severally liable for $283,693.17 in restitutionary damages for the involuntary servitude conviction, and Ifeoma Udogwu was ordered to pay $41,672 in restitutionary damages on her mail fraud conviction.

The evidence presented at trial, viewed in the light most favorable to the government, shows that in December 1987 the defendants brought a ten-year-old Nigerian girl, Ifeanyi (Rosemary), into the United States on the false pretext that Rosemary was the daughter of Ifeoma Udogwu's brother, Gregory Ezeonu. The defendants used her as an unpaid servant for a year, subjected her to physical and emotional abuse, and when she resisted, sent her home.

On a trip to Nigeria in 1989, Ifeoma Udogwu recruited a new servant. The family of thirteen-year-old Beatrice Okezie agreed to send her to the United States

with the Udogwus on the assumption and condition that she would receive an education. Instead, the defendants forced her to work as an unpaid servant, subjected her to abuse similar to what Rosemary had endured, and confiscated (and cashed) her pay checks from her job at a fast food restaurant.

On appeal, defendants argue: (1) that the court abused its discretion in admitting to evidence, over authenticity and hearsay objections, a letter in which Ezeonu stated that Rosemary was not his daughter and recited certain damaging circumstances concerning the Udogwus' violation of immigration laws; (2) that the court abused its discretion in denying defendants' motion to take depositions in Nigeria; and (3) that the restitution order is excessive.

### I.

We need not reach the merits of these first two questions, because we hold any error harmless in light of the evidence presented at trial against the Udogwus. Under Rule 52(a) of the Federal Rules of Criminal Procedure "[a]ny error ... which does not affect substantial rights shall be disregarded." Fed.R.Crim.P. 52(a); *see also United States v. Dhinsa*, 243 F.3d 635, 659 (2d Cir.2001) (applying harmless error analysis to claim that evidence was improperly admitted at trial).

■ As to the first question, the Udogwus argue that the letter was not properly authenticated, because (*inter alia*) the letter was not vetted by a handwriting expert, it appeared mysteriously in their mailbox, and it is rebutted by another letter that was offered by the Udogwus but was deemed inauthentic by the district court.

We find any error harmless. The letter's arguably prejudicial aspects deal primarily with the allegations involving Rosemary, which composed only two of the ten overt acts supporting Count One. The letter had no bearing on six of the eight counts charged, and it was largely cumulative as to the remaining two counts (including Count One). Additionally, there is no indication that the jury relied upon the letter in reaching its verdict. The jury did not have access to the letter during deliberation, and it made no request to view it.

Appellants claim unfair prejudice. They point specifically to a portion of the letter detailing a threat Ifeoma Udogwu allegedly made to kill Rosemary. This no doubt can be prejudicial; but the damage was inconsequential in light of the breadth of evidence of other violent acts properly admitted against Ifeoma Udogwu, including her physical and psychological abuse of the child, and her efforts to hire a killer to dispose of an enemy. *United States v. Morales*, 185 F.3d 74, 83 (2d Cir.1999) (finding no prejudicial spillover where inadmissible evidence was no more shocking than admissible evidence).

Appellants, for their part, offer conclusory, largely unsupported assertions that the letter "thoroughly undermined the jury's ability to determine the Udogwus' guilt." Appellants Br., at 19. However, admissible evidence of guilt was overwhelming; there is nothing to show that the jury was swayed by the disputed document's content, or that it even considered its content.

As to the second question, the Udogwus argue that the district court denied a motion to take the deposition of one Inspector Paul Ndujife in Nigeria, and that the ruling was an abuse of discretion.

We find any error harmless. Ndujife's only purpose as a witness would have been to refute certain FBI and Nigerian police-interview reports—documents which were used ineffectively for impeachment purposes and were never admitted into evidence at trial. Ndujife's testimony,

therefore, likely would have been deemed irrelevant and inadmissible even if he were available at trial.

Because we decide this appeal on the ground of harmless error, we express no opinion about: (1) whether the district court abused its discretion in admitting into evidence, over authenticity and hearsay objections, the letter in question; and (2) whether the district court abused its discretion in denying defendants' motion to take depositions in Nigeria.

## II

The district court ordered the Udogwus to pay Beatrice $283,693.17 in restitution. The Udogwus argue that they should not be forced to pay restitution to Beatrice for the period following a January 1997 trip to Nigeria, because Beatrice returned voluntarily to the United States and was by then 21 years old.

■ The district court applied the standards in the Mandatory Victim Restitution Act. 18 U.S.C. § 3663A. The restitutionary findings of the district court will not be disturbed absent a showing that they were "clearly erroneous." *United States v. Thompson*, 76 F.3d 442, 456 (2d Cir.1996). The court found that Beatrice returned to get an education, but was instead forced back into servitude. That finding, which supports the restitution award, was not "clearly erroneous."