**UNITED STATES, Appellee,**

v.

**Prosper Emeka UDOGWU, also known as Prosper Emeka Udoguw, and Ifeoma Ezeonu Udogwu, also known as Fidelia Ekema Ezeonu, also known as Ifeoma Fidelia Ezeonu, Defendants–Appellants.**

**Docket No. 01–1672.**

United States Court of Appeals, Second Circuit.

June 28, 2002.

Barry M. Fallick, Rochman Platzer Fallick & Sternheim, LLP, New York, NY, for Defendants–Appellants.

Jennifer M. Moore, Assistant United States Attorney (Celeste L. Koeleveld, Assistant United States Attorney, of counsel), for James B. Comey, United States Attorney for the Southern District of New York, New York, NY, for Appellee.

Present CALABRESI, SACK, and B.D. PARKER, JR., Circuit Judges.

### *SUMMARY ORDER*

UPON DUE CONSIDERATION, it is ORDERED, ADJUDGED, AND DECREED that the judgment of the district court be and it hereby is AFFIRMED.

The Udogwus appeal from an order entered in the United States District Court for the Southern District of New York (Chin, *J.*) denying their motion for a new trial based upon allegedly newly discovered evidence, pursuant to Rule 33 of the Federal Rules of Criminal Procedure. After a jury trial, the defendants were convicted, *inter alia*, of various immigration and fraud offenses arising out of their treatment of two young girls, ten-year-old Rosemary and thirteen-year-old Beatrice, whom the defendants smuggled into the United States from Nigeria and kept involuntarily as unpaid domestic servants. Count One of the indictment alleged a conspiracy to commit the substantive immigration and fraud offenses. Two of the ten overt acts in furtherance of this conspiracy related to Rosemary, while the remaining acts involved Beatrice. The other counts relevant to this appeal pertained solely to the defendants' treatment of Beatrice. We summarily affirmed their convictions. *United States v. Udogwu*, No. 00–1724, 2001 WL 964197, 17 Fed.Appx. 49 (2d Cir. Aug. 22, 2001).

In their present Rule 33 motion, the defendants claim to have found Rosemary in Nigeria after a year-long search. She did not testify at trial because the government had been unable to locate her. In support of their motion, the defendants proffer an affidavit and interview purportedly of Rosemary, in which she claims, among other things, not to have been mistreated by the Udogwus. According to the defendants, the statements allegedly made by Rosemary so contradict and undermine the government's case that, had this evidence been considered, the Udogwus probably would have been acquitted on Count One. They further assert that the prejudicial spillover from the trial evidence related to Rosemary resulted in their conviction on Counts Two through Six.

The district court denied the motion without discovery or a hearing. The court found that the proffered evidence would not have changed the jury's verdict, which was based upon the government's substantial and credible evidence of the defendants' guilt. The court also ruled that, in light of the defendants' repeated perjury, subornation of perjury, and other attempts to obstruct justice at trial, the documents lacked credibility. It further noted that the defendants' assertions in their motion were inconsistent with the positions taken and evidence presented by the defendants at trial. The appellants contend on appeal that the district court erred in denying an evidentiary hearing on their motion.

A district court should only grant a new trial on the basis of newly discovered evidence when a defendant establishes (1) that the evidence is "new" in the sense that it was discovered after trial; (2) that the evidence could not have been discovered before or during trial with the exercise of due diligence; and (3) that the evidence is so material that it would probably lead to an acquittal. *See United States v. Locascio*, 6 F.3d 924, 949 (2d Cir.1993). Further, "[a] motion for a new trial based on new evidence is to be granted only with

great caution ... in the most extraordinary circumstances," *United States v. Sasso,* 59 F.3d 341, 350 (2d Cir.1995) (internal quotation marks omitted), where it is required in "the interests of justice," Fed. R.Crim.P. 33. The decision of whether to permit discovery and conduct an evidentiary hearing remains within the sound discretion of the trial court. *See United States v. White,* 972 F.2d 16, 22 (2d Cir. 1992). Accordingly, we will not reverse the denial of a new-trial motion or the refusal to conduct an evidentiary hearing absent an abuse of discretion. *United States v. DiPaolo,* 835 F.2d 46, 51 (2d Cir.1987).

We find no basis for disturbing the sound judgment of the district court. Even if Rosemary's statements qualified as newly discovered evidence, and even if the jury had fully credited them, they do not present evidence that would probably have led to acquittal. As the lower court found, the jury's conviction on Count One was supported by overwhelming evidence based solely upon the Udogwus' treatment of Beatrice.

Having reviewed all of the defendants' claims and finding them to be without merit, we AFFIRM the judgment of the district court denying the defendants' motion for a new trial.